OPINION *Page 2 
{¶ 1} Defendant-appellant Sharon K. Samson appeals her conviction on one count of petty theft in violation of § 545.05 of the Zanesville Municipal Code following a bench trial. Plaintiff-appellee is the City of Zanesville.
 STATEMENT OF FACTS AND LAW {¶ 2} On February 18, 2006, John Merriweather, the circulation director for The Times Recorder, undertook surveillance of a Times Recorder newspaper box located near Tee Jaye's Restaurant in Zanesville, Ohio, in an effort to determine why the newspaper was losing money on the box. Merriweather initially observed the box from his car, which was parked across the street. The newspaper carrier arrived at the box at approximately 3:00 a.m. and loaded the box with newspapers. Merriweather counted the papers after the carrier left, and determined that there were 51 newspapers, 50 in the box and one on display. Merriweather continued to observe the box from his car, but later went into Tee Jaye's Restaurant and sat at a booth by a window through which he could observe the box.
 {¶ 3} Merriweather observed one individual approach the box and take "a handful" of papers. The individual walked by the window and looked directly at Merriweather. Merriweather telephoned the police, and continued to observe the box while he waited for an officer to arrive at the scene. No one else approached the box between the time Merriweather called the police and the police officer's arrival. When Officer Scott Johnston arrived, he and Merriweather went to the box and counted the papers. Only 35 papers remained, including the one in the display. Merriweather knew appellant from a prior incident, and he identified her as the individual who took the *Page 3 
papers. Merriweather gave Officer Johnston appellant's name, physical description, and the license plate number of the car in which appellant drove away. Officer Johnston called the information into dispatch, and discovered appellant's place of employment to be Ohio Textiles.
 {¶ 4} Officer Johnston proceeded to Ohio Textiles to interview appellant. He passed her car on his way into the factory, and did not recall observing any newspapers therein. Nor did he observe any newspapers while waiting in the company break room. Officer Johnston spoke with appellant, who denied taking more than one newspaper.
 {¶ 5} Based upon Merriweather's statement, Officer Johnston charged appellant with petty theft. Appellant appeared for arraignment on February 22, 2006, at which time she pleaded not guilty. A bench trial was conducted on March 28, 2006. Merriweather and Johnston testified as set forth above. Appellant moved for acquittal at the close of the appellee's case, which was overruled. Appellant called one witness in her defense, her boyfriend, Todd Shook.
 {¶ 6} Shook testified that he was with appellant when she purchased the newspaper, and that appellant took only one paper from the box. Appellant moved for acquittal again at the close of all the evidence. The trial court once again overruled appellant's motion for acquittal, and found appellant guilty. Appellant was sentenced to twenty (20) days in jail, with ten (10) days suspended, and fined $250.00.[1] Appellant appeals, setting forth the following assignment of error: *Page 4 
 {¶ 7} "THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT OF DUE PROCESS OF LAW, AS (1) THE PROSECUTION FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT MS. SAMSON WAS GUILTY OF THE CRIME CHARGED AND (2) BY FINDING MS. SAMSON GUILTY, AS THE VERDICT FOR THE CHARGE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} Appellant argues that her conviction for petty theft was against both the sufficiency of the evidence and the manifest weight of the evidence. We disagree.
 {¶ 9} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 10} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be *Page 5 
exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, 678 N.E.2d 541, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 11} Appellant was convicted of petty theft in violation of § 545.05 of the Zanesville Municipal Code. Zanesville Municipal Code § 545.05 states in pertinent part:
 {¶ 12} "(a) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent; (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent; . . ."
 {¶ 13} Appellant specifically argues that appellee failed to prove that appellant acted "with purpose to deprive" and "without the consent of the owner or person authorized to give consent." Appellant argues further that if appellant placed money in the newspaper box, she was entitled to remove one paper. Even if she removed more than one paper, appellant argues that there was no evidence that she failed to pay for the additional papers. Appellant did not, however, question Merriweather at trial concerning the amount of money in the newspaper box before and after appellant's purchase of the one newspaper. Finally, appellant argues that the evidence was insufficient to prove that Merriweather was the owner or person authorized to give consent. *Page 6 
 {¶ 14} Appellee argues, and we agree, that the elements of "with purpose to deprive" and "without the consent of the owner or person authorized to give consent" were satisfied by the testimony of Merriweather, who was an employee of the owner. Merriweather was the circulation director, and was responsible for surveillance of an area of suspected theft. He observed the newspapers being taken, identified the appellant as the individual who took the newspapers, and called the police to prosecute the appellant for taking the newspapers. We concur with appellee that it does not have to prove that Merriweather was an owner or person authorized to give consent, as "lies within the body of common knowledge that an individual does not have consent to take newspapers from a rack without paying for them." As is stated above, Merriweather testified that he observed appellant take a "handful" of papers after opening the box. The clear implication from such testimony is that appellant only paid for one paper but took more than one.
 {¶ 15} Based on the foregoing, and viewing the evidence most strongly in favor of the prosecution, we find that the appellant's conviction for petty theft was supported by sufficient evidence, as any rational trier of fact could have found beyond a reasonable doubt that appellant took the newspapers.
 {¶ 16} We further find that the appellant's conviction was not against the manifest weight of the evidence. The trial court, as trier of fact, did not lose its way and create a manifest miscarriage of justice in convicting appellant of petty theft. While appellant's boyfriend testified that appellant only took one paper, Merriweather testified that she took a handful. The trial court, as trier of fact, was in the best position to assess credibility. *Page 7 
 {¶ 17} Appellant's sole assignment error is, therefore, overruled.
 {¶ 18} Accordingly, the judgment of the Zanesville Municipal Court is affirmed.
 Edwards, J. Farmer, P.J. and Wise, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Zanesville Municipal Court is affirmed. Costs assessed to appellant.
[1] Appellant had been before the trial court on September 30, 2005, for the same type of offense, and had received twenty (20) days in jail with fifteen (15) days suspended on the condition of no repeat offenses of a similar nature within two years. The trial court re-imposed the fifteen (15) days and ordered that they be served consecutively with the ten (10) day sentence imposed in the case sub judice, for a total of twenty-five (25) days in jail. *Page 1